UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In RE: IMPERIAL AUTO PROTECTION, LLC, | ) ) ) |
| Debtor, | ) ) |
| RICHARD HAGAN, | ) ) |
| Appellant, | ) ) |
| vs. | ) ) Case No. 4:14 CV 1000 CDP |
| IMPERIAL AUTO PROTECTION, LLC, | ) ) ) |
| Appellee. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Richard Hagan's motion for leave to appeal a decision of the bankruptcy court. On April 17, 2014, Imperial Auto Protection, LLC filed a voluntary Chapter 11 petition in the Eastern Division of the United States Bankruptcy Court for the Eastern District of Missouri. That case is assigned Cause Number 14-43062-659 and is pending before the Honorable Kathy A. Surratt-States, United States Bankruptcy Judge. Hagan seeks to appeal Judge Surratt-States' May 13, 2014, denial of his motion to dismiss and for

sanctions, which Hagan acknowledges is an interlocutory order.[1]

28 U.S.C. § 158(a) empowers the district court with jurisdiction to hear appeals from final judgments and orders and, with leave of the court, from interlocutory orders and decrees entered by the bankruptcy court. When deciding whether to grant a motion for leave to appeal, a court applies the standards found in 28 U.S.C. § 1292(b). In re Machinery, Inc., 275 B.R. 303, 306 (8th Cir. 2002). Section 1292(b) instructs that the question involved be a controlling question of law as to which there exists a substantial ground for difference of opinion respecting the correctness of the bankruptcy court's decision and a finding that an immediate appeal would materially advance the ultimate termination of the litigation. 27 U.S.C. 1292(b). "'Leave to appeal from interlocutory orders should be granted only in 'exceptional circumstances' because to do otherwise would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from piecemeal litigation.'" In re Machinery, Inc., 275 B.R. at 306 (citing Abel v. Shugrue, 179 B.R. 24, 28 (S.D.N.Y. 1995)).

Here, Hagan has completely failed to satisfy the standards set forth in 28

---

[1] Judge Surratt-States denied the motion on the record following a hearing and by written Order dated June 6, 2014 [#5].

U.S.C. § 1292(b). Basically, he dislikes the bankruptcy court's ruling that the Chapter 11 filing was not made in bad faith so as to justify a dismissal of the Chapter 11 bankruptcy proceedings or sanctions. Judge Surratt-States made this determination after hearing the testimonial evidence, oral argument by counsel, and having reviewed the parties' written submissions and relevant Eighth Circuit caselaw. This decision does not involve a "controlling question of law as to which there exists a substantial ground for difference of opinion" as required by § 1292(b). Instead, Judge Surratt-States' decision was made after she heard and decided the relevant facts in light of her knowledge and oversight of the bankruptcy proceedings. She then applied the law to those facts. That Hagan does not like the result does not convert her decision into one that is immediately appealable. If bankruptcy litigants were given permission to appeal every time the bankruptcy court entered a ruling they didn't like, the judicial policy discouraging delay and piecemeal litigation would be completely frustrated, if not thwarted entirely. This is simply not the type of important question of law or extraordinary circumstance that justifies the granting of an interlocutory appeal.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for leave to appeal [#2] is

denied, and the appeal [#1] is dismissed for lack of jurisdiction.

A separate Order of Dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of July, 2014.